IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| In Re: | : | CIVIL No. 10-08 |
| | : | |
| JEFFREY J. PROSSER, | : | Re:  Chapter 11 Case No. 06-30009 |
|     Debtor. | : | |
| | : | |
| | : | |
| JAMES P. CARROLL, Chapter 7 Trustee of | : | Re:  Adv. Proc. No. 08-03011 |
| the Bankruptcy Estate of Jeffrey J. Prosser, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY PROSSER, | : | |
|     Defendant. | : | |
| | : | |
| | : | |
| STAN SPRINGEL, Chapter 11 Trustee of | : | Re:  Adv. Proc. No. 08-03012 |
| the Bankruptcy Estate of Innovative | : | |
| Communication Company, LLC, and | : | |
| Emerging Communications, Inc., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY PROSSER, | : | |
|     Defendant. | : | |
| | : | |
| | : | |
| STAN SPRINGEL, Chapter 11 Trustee of | : | Re:  Adv. Proc. No. 07-03012 |
| the Bankruptcy Estate of Innovative | : | |
| Communication Corporation, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY PROSSER, | : | |
|     Defendant. | : | |
| | : | |

| | |
|---|---|
| RURAL TELEPHONE FINANCE COOPERATIVE,<br>    Plaintiff, | :<br>:   Re:  Adv. Proc. No.07-03011<br>:<br>: |
| v. | : |
| JEFFREY PROSSER,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                  June 3, 2011

Debtor-Defendant Jeffrey J. Prosser appeals from the Bankruptcy Court's January 13, 2010, order granting in part and denying in part motions for summary judgment filed by the plaintiffs in four consolidated adversary proceedings objecting to Prosser's discharge in bankruptcy. The Appellees—Rural Telephone Finance Cooperative (RTFC); James P. Carroll, the Chapter 7 Trustee of the bankruptcy estate of Jeffrey J. Prosser; and Stan Springel, the Chapter 11 Trustee of the bankruptcy estates of Innovative Communication Corporation (New ICC), Emerging Communications, Inc. (Emerging), and Innovative Communication Company, LLC (ICC-LLC)—have filed a motion to dismiss Prosser's appeal. Because the order from which Prosser appeals is not a final order which Prosser is entitled to appeal as of right, and because the order does not meet the requirements for an interlocutory appeal, the motion to dismiss is granted.

**FACTS**

In July 2006, Prosser filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of the Virgin Islands. In October 2007, the Bankruptcy Court converted the case to a Chapter 7 bankruptcy. During the Chapter 7 proceedings,

2

the Chapter 7 Trustee and the Chapter 11 Trustee, among others, filed objections to the exemptions claimed by Prosser. The Bankruptcy Court ruled on some of the objections in February 2008, and tried the remaining objections between June and October 2008. In October 2009, the Bankruptcy Court issued an opinion denying Prosser's claimed exemptions based on his bad faith conduct and abuse of the bankruptcy process (the Exemptions Opinion). *See In re Prosser*, No. 06-30009, Exemptions Op. 19 (Bankr. D.V.I. Oct. 9, 2009), ECF No. 2613 (concluding Prosser's "misconduct during his bankruptcy and abuse of the bankruptcy process was such that a sweeping denial of exemptions is appropriate").

Meanwhile, in December 2007 and June 2008, RTFC, the Chapter 11 Trustee, and the Chapter 7 Trustee each initiated adversary proceedings against Prosser, objecting to his discharge in bankruptcy (the Discharge Proceedings). By agreement of the parties, the four adversary proceedings[1] were consolidated for purposes of discovery and trial. After the Bankruptcy Court issued its Exemptions Opinion, each of the plaintiffs in the Discharge Proceedings filed a motion for summary judgment, arguing, *inter alia*, that the Bankruptcy Court's factual findings in the Exemptions Opinion established numerous grounds on which to deny Prosser's discharge and were entitled to collateral estoppel effect in the Discharge Proceedings.[2]

On January 13, 2010, the Bankruptcy Court entered its order granting in part and denying in part the summary judgment motions (the Summary Judgment Order), from which Prosser appeals.

---

[1] RTFC and the Chapter 7 Trustee each filed one adversary proceeding. The Chapter 11 Trustee initiated two adversary proceedings, one as trustee for the bankruptcy estate of New ICC and the other as trustee for the bankruptcy estates of ICC-LLC and Emerging.

[2] RTFC filed its original motion for summary judgment before the Bankruptcy Court issued its Exemptions Opinion, but later supplemented its motion to argue that summary judgment was warranted based on the doctrine of collateral estoppel.

The Court granted the motions insofar as it held that collateral estoppel applied to certain factual findings in the Exemptions Opinion, which Prosser would be precluded from challenging at trial in the Discharge Proceedings.[3]  However, the Court denied the balance of the motions.  Significantly, the Court specifically reserved ruling on the ultimate issue of Prosser's discharge, noting the discharge issue was different from Prosser's entitlement to exemptions, and stating the parties would have "the opportunity to introduce any additional, relevant evidence at the Discharge Trial" and that the conclusions to be drawn from the facts already established and any additional evidence would be "determined at the conclusion of all evidence."  *Rural Tel. Fin. Coop. v. Prosser (In re Prosser)*, No. 07-3011, Summ. J. Order 6-7 (Bankr. D.V.I. Jan. 13, 2010).

On January 15, 2010, two days after the Bankruptcy Court entered its Summary Judgment Order, Prosser filed a notice of appeal.  On January 26, 2010, the Clerk of Court struck the notice of appeal for failure to comply with Bankruptcy Rule 8003, which concerns appeals by leave of court from interlocutory bankruptcy court orders.  Later that day, Prosser sought reconsideration of the order striking his notice of appeal, arguing the appeal was not subject to Bankruptcy Rule 8003 because the Summary Judgment Order was a final, dispositive order.[4]  On September 30, 2010, the

---

[3] Specifically, the Bankruptcy Court held Prosser was precluded from relitigating the following factual findings:  (1) Prosser failed to disclose $480,000 he transferred to his wife, Dawn Prosser, on the day of and the day after he filed his bankruptcy petition; (2) Prosser concealed a marital asset division agreement, a will, and other estate planning documents from the Trustees; (3) Prosser ordered the destruction of computer hard drives located at the Palm Beach Property in an effort to conceal information, records, and documents from the Trustees; (4) Prosser did not provide immediate, full, complete, and unfettered access to the records of New ICC, as required by the Bankruptcy Court's Order to Compel; and (5) Prosser failed to disclose the existence of storage space in West Palm Beach, Florida, containing records and personal property relevant to the bankruptcy.

[4] Also on January 26, 2010, Prosser filed a motion requesting an evidentiary hearing to determine whether disciplinary action should be taken against the Chapter 7 Trustee, the Chapter 11 Trustee,

District Court granted Prosser's motion for reconsideration, holding the Clerk of Court lacked authority to dismiss the appeal, and directed the Clerk of Court to set a briefing schedule in the case.[5]

In March 2011, this case was reassigned to this Court, and Appellees thereafter filed the instant motion to dismiss.

**DISCUSSION**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts, and, with leave of the district court, from interlocutory orders and decrees of the bankruptcy courts. 28 U.S.C. § 158(a)(1) & (3). Because bankruptcy cases "often are protracted and involve numerous parties with different claims," the Third Circuit has taken a pragmatic approach to finality in such cases. *Clark v. First State Bank (In re White Beauty View, Inc.)*, 841 F.2d 524, 526 (3d Cir. 1988) (noting that "delay[ing] resolution of discrete claims until after final approval of a reorganization plan, for example, would waste time and resources, particularly if the appeal resulted in reversal of a bankruptcy court order necessitating re-appraisal of the entire plan"). Notwithstanding this more "relaxed view of finality in the bankruptcy setting as a whole," however, in assessing the finality of a bankruptcy court order in an individual adversary proceeding, the Third Circuit has applied "the same concepts of appealability as those used in general civil litigation." *Id.*

---

counsel for the Trustees, or counsel for Arthur J. Stelzer, a former employee of New ICC and a witness against Prosser during the prior bankruptcy proceedings, based on allegations that either the Chapter 11 Trustee's counsel or one of the ICC entities was improperly paying Stelzer's legal fees in exchange for his testimony. On January 29, 2010, the District Court referred the matter to the Bankruptcy Court for an evidentiary hearing.

[5] After the Clerk of Court struck Prosser's notice of appeal, and while Prosser's motion for reconsideration was pending, the Bankruptcy Court commenced the Discharge trial, as scheduled, on February 1, 2010. To accommodate Prosser, who did not appear at trial, the Bankruptcy Court deferred any presentation by the defense.

Thus, "an order in an individual adversary proceeding is not final unless it 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (quoting *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)).

Although § 158(a)(3) permits appeals of interlocutory bankruptcy court orders "with leave of the court," neither the statute nor the Bankruptcy Rules governing such appeals specify the criteria a district court should use to determine whether to grant leave to appeal. In the absence of any statutory criteria, courts in this district have applied the standard in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal, and have permitted appeals from interlocutory bankruptcy court orders when (1) a controlling question of law is involved; (2) there are substantial grounds for a difference of opinion as to the question of law; and (3) an immediate appeal would materially advance the termination of the litigation. *E.g.*, *In re Phila. Newspapers, LLC*, 418 B.R. 548, 556-57 (E.D. Pa. 2009), *aff'd*, 599 F.3d 298 (3d Cir. 2010); *In re Sandenhill, Inc.*, 304 B.R. 692, 693-94 (E.D. Pa. 2004); *In re Neshaminy Office Bldg. Assocs.*, 81 B.R. 301, 302 (E.D. Pa. 1987). "The party seeking leave to appeal has the burden to establish all three criteria." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 385 (M.D. Pa. 2007).

Prosser argues the Summary Judgment Order is a final order because it effectively disposes of the discharge issue. Specifically, Prosser contends the factual findings to which the Bankruptcy Court held collateral estoppel applies, and which Prosser is precluded from challenging at trial, provide multiple grounds to deny him a discharge, leaving "little, if anything, for trial." Prosser's Opp'n to Mot. to Dismiss 9. Although Prosser may believe the Bankruptcy Court's collateral estoppel ruling renders the outcome of the discharge proceedings a foregone conclusion, the

6

Bankruptcy Court specifically declined to decide the ultimate issue of discharge, noting the discharge issue was different from the issue of Prosser's entitlement to exemptions and reserving ruling on Prosser's discharge pending the submission of any additional evidence at trial. Because the Summary Judgment Order did not resolve Prosser's entitlement to a discharge, the sole issue in the Discharge Proceedings, the Order is not final, and this Court therefore lacks jurisdiction over Prosser's appeal under 28 U.S.C. § 158(a)(1). *See In re Truong*, 513 F.3d at 94 (holding "an order in an individual adversary proceeding is not final unless it ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment" (quotation marks and citation omitted)); *see also Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 3 F.3d 49, 53 (2d Cir. 1993) (holding although an order "need not resolve all of the issues raised by the bankruptcy" to be final, it "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief").[6]

Having determined the Summary Judgment Order is not final, this Court must next consider whether to grant Prosser leave to appeal. Under Bankruptcy Rules 8001 and 8003, a party seeking to appeal an interlocutory bankruptcy court order must file a notice of appeal accompanied by a motion for leave to appeal containing

---

[6] *Boston University v. Mehta (In re Mehta)*, 262 B.R. 35 (D.N.J. 2001), *aff'd*, 310 F.3d 308 (3d Cir. 2002), cited by Prosser, is not to the contrary. In *Mehta*, a debtor filed an adversary complaint to determine the dischargeability of a debt he owed to a university he had attended, and the parties filed cross-motions for summary judgment. *Id.* at 36-7. The bankruptcy court granted partial summary judgment for the university, holding $2,000 of the debt was an educational loan and was therefore non-dischargeable. *Id.* at 37. As to the balance of the debt, however, the bankruptcy court granted partial summary judgment for the debtor, and the university appealed. On appeal, the district court observed it had jurisdiction pursuant to 28 U.S.C. § 158(a) because the summary judgment order "disposed of all issues raised by the adversary complaint" and was thus a final order. *Id.* Here, in contrast, the Bankruptcy Court's Summary Judgment Order did not dispose of the discharge issue.

7

> (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Fed. R. Bankr. P. 8001(b), 8003(a). Because Prosser took the position the Bankruptcy Court's Summary Judgment Order was a final order, appealable as of right pursuant to 28 U.S.C. § 158(a)(1), he filed only a notice of appeal. The Appellees argue Prosser's failure to file a motion for leave to appeal is a jurisdictional defect. Under Bankruptcy Rule 8003(c), however,

> [i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

Because both parties have addressed the considerations relevant to this Court's determination whether to grant leave to appeal either in their written submissions or at the oral argument on the motion to dismiss, this Court will construe Prosser's notice of appeal as a motion for leave to appeal.

Prosser contends the Bankruptcy Court's application of the doctrine of collateral estoppel to its factual findings in the Exemptions Opinion is a controlling question of law as to which there are substantial grounds for a difference of opinion. Even if Prosser is correct on this point—an issue this Court need not decide—leave to appeal is nevertheless not warranted in this case because an immediate appeal will not materially advance the termination of this litigation at this late stage in the Discharge Proceedings. Factors relevant to this issue include "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick*, 366 B.R. at 387. All of these factors weigh against permitting an interlocutory appeal here.

8

Even if successful, an immediate appeal would neither eliminate the need for trial nor simplify the trial, but would expand the scope of the evidence introduced at trial. Moreover, an immediate appeal would have no effect on discovery, as the Summary Judgment Order was issued after the December 24, 2009, discovery deadline in this case had passed and less than three weeks before the February 1, 2010, trial date.[7] In these circumstances, "[w]here discovery is complete and the case is ready for trial[,] an interlocutory appeal can hardly advance the ultimate termination of the litigation." *FDIC v. Parkway Exec. Office Ctr.*, No. 96-121, 1997 WL 611674, at *3 (E.D. Pa. Sept. 24, 1997) (citations omitted). Therefore, leave to appeal is denied.

Finally, Prosser contends the District Court's referral of his motion for an evidentiary hearing to the Bankruptcy Court provides an independent basis to retain jurisdiction over this appeal, arguing this Court cannot dismiss the appeal until proceedings relating to the evidentiary hearing are concluded. This appeal, however, concerns only the Bankruptcy Court's Summary Judgment Order. *See* Notice of Appeal (identifying the Bankruptcy Court's January 13, 2010, "Order Granting in Part and Denying in Part Motions for Summary Judgment in the Discharge Proceedings" as the order being appealed). Because the Summary Judgment Order is not a final order, and because leave to appeal has been denied, this Court lacks jurisdiction over Prosser's appeal. The District Court's referral of Prosser's motion for an evidentiary hearing does not change that fact. Accordingly, the motion to dismiss is granted.

An appropriate Order follows.

---

[7] *See Rural Tel. Fin. Coop. v. Prosser (In re Prosser)*, Adv. No. 07-3011, Scheduling Order and Discovery Plan ¶¶ 1, 4 (Bankr. D.V.I. Sept. 9, 2009) (setting a trial date and a discovery cutoff).

BY THE COURT:


   /s/ Juan R. Sánchez        
Juan R. Sánchez, J.